(No. 31311.—▮▮▮▮▮▮▮)
Frank R. Siefferman *et al.,* Appellants, *vs.* Julia E. Johnson *et al.,* Appellees.

*Opinion filed September 21, 1950.*

Pree & Pree, of Springfield, for appellants.

Hugh J. Dobbs, (Gillespie, Burke & Gillespie, of counsel,) both of Springfield, for appellees.

Mr. Justice Fulton delivered the opinion of the court:

This is an appeal from the circuit court of Sangamon County denying the prayer of plaintiff-appellants for an injunction enjoining the defendant-appellees from using a driveway and trespassing upon plaintiff's real estate and also enjoining the defendants, appellees, from using a building in the rear of certain residential premises for light manufacturing purposes.

Frank R. Siefferman and Lettie C., his wife, hereinafter referred to as plaintiffs, were the owners of property

at 623 Black Avenue, Springfield, Illinois, at the time suit was started. Julia E. Johnson, one of the appellees herein, was the owner of property at 625 Black Avenue in Springfield and Joseph L. Suter, Edward M. Suter and Gertrude Suter were the tenants in the property at 625 Black Avenue. For the purpose of this opinion these parties will be referred to hereafter as defendants.

The two pieces of property, then unimproved, were originally owned by one John W. Smurr. Some time subsequent to October 23, 1901, and prior to September 19, 1904, Smurr built the present house on that portion of the property which today constitutes 625 Black Avenue, and constructed along the west side of the house a concrete sidewalk, 2'-6" wide, a driveway and a well. On September 19, 1904, he conveyed these improved premises at 625 Black Avenue to the parents of the defendant Julia E. Johnson.

Smurr, after September 19, 1904, constructed the dwelling house on that portion of the property which today is 623 Black Avenue and conveyed these premises on August 3, 1907, to one Matthews. The plaintiffs herein acquired the property from descendants of the Matthews family.

The driveway in question was in existence on September 19, 1904, and was improved with shale and appeared at that time substantially in the condition it was at the time of filing this complaint. The master found that this driveway was a common one situated upon both of the premises and was and is highly convenient to the beneficial enjoyment of the premises at 625 Black Avenue and that the house at 625 Black Avenue with the driveway wholly upon its premises would be less desirable and less valuable than the premises are where the common driveway is in existence. The master also found that it was so inconvenient to use any alternative route as to render the direct driveway from the front to the rear of the Johnson house highly convenient to the beneficial enjoyment of the prem-

ises at 625 Black Avenue. The reason for these findings apparently is the fact that there was a bay window on the residence at 625 Black Avenue which renders it almost impossible by reason of insufficient space for the construction of a driveway usable by delivery trucks and vehicles of that nature.

The master further found that on September 19, 1904, the driveway was in existence and was openly and manifestly used in connection with the ownership and occupancy of the premises both at 623 and 625 Black Avenue and that the use was highly convenient to the enjoyment thereof. The master also found that the reduction from the said driveway of the portion upon the plaintiffs' premises at 623 Black Avenue would impair its high convenience to the beneficial enjoyment of the Johnson premises at 625 Black Avenue. The master then found that an easement by implication had arisen from the time of severance of the Johnson premises at 625 Black Avenue from the plaintiffs' premises at 623 Black Avenue by Smurr, the original owner of both properties.

In addition to the argument concerning the driveway, the plaintiffs raised the point that light manufacturing had been carried on in a barn at the rear of the premises at 625 Black Avenue. The master found in this regard that in 1916 or 1917, Johnson, the original owner of the properties at 625 Black Avenue, had commenced and thereafter for some time carried on the manufacture of radio condensers. On August 28, 1924, a zoning ordinance of the city of Springfield became effective classifying the premises herein involved as a residential use which, of course, did not permit light manufacturing. The ordinance carried a provision that it "shall not apply to existing structures nor to the existing use of any building but shall apply to any alteration of a building to provide for its use for a purpose or in any manner different from the use to which it was put before alteration." The master found, and

record herein bears him out, that some light manufacturing was continued and carried on upon the premises involved here until after the zoning ordinance and up to and including March of 1926. The master then found that the business conducted by the defendant, Suter, in the premises at 625 Black Avenue was substantially similar to the light manufacturing business carried on in the same location by the original owner, Johnson, and that both businesses were the same classification or character so far as the zoning ordinace was concerned and that there was no evidence in the record of any alteration in any building or the erection of any new building on the premises for the carrying on of any business. The master then found that the business carried on by the defendant, Suter, was not within the uses permitted under the zoning ordinance in the Class A residential district, but was within the exception aforesaid of the ordinance and was thereby permitted to be carried on as a nonconforming use.

On the basis of these findings the master recommended the denial of the injunction and recommended that the defendants herein re-shale the driveway which he found had been damaged by the use of delivery trucks going to and from the manufacturing premises.

The defendants, in their brief, point out that much of the matters in the original cause of action became moot before the hearing was concluded before the master. They state, and the record so indicates, that the defendant, Julia E. Johnson, had ceased to be the owner of the house and lot at 625 Black Avenue prior to the argument of exceptions to the master's report. The defendant, Suter, had removed from the Johnson property and had ceased to use or occupy the same for any purpose while the evidence was still being heard by the master.

It appears from the record that the defendant, Julia E. Johnson, contracted for the sale of the premises at 625 Black Avenue on April 13, 1948, to persons not parties

to this suit, but who had notice of these proceedings and the pendency thereof. It further appears from the record that during the pendency of these proceedings the defendants, Suters, had vacated the premises and ceased to do any manufacturing thereon, having acquired a new plant for their business. It further appears that at the time of the sale by the defendant, Johnson, of the property at 625 Black Avenue, the premises were vacant.

We now, therefore, are faced with a situation of an appeal from an order of the circuit court denying a prayer for injunction where an order granting an injunction against the defendant parties would be of no avail to the plaintiff. It cannot be argued that an injunction against the defendants, Suters, and the defendant, Johnson, denying them the use of the driveway and the right to use the property in the rear of the premises at 625 Black Avenue for light manufacturing purposes would have any effect where these parties have no connection whatsoever with the property in question. Under these circumstances, the case has become moot insofar as any appeal lies from the order of the circuit court denying the injunction. In fact, the question had become moot when decided by the circuit court.

It is well established by our law that where a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved it will dismiss the appeal or writ of error, as the court will not review a case merely to decide moot questions, to make a precedent, or to determine liability for costs; and such facts, when not appearing on the record may be proved by extrinsic evidence. *Tuttle* v. *Gunderson,* 341 Ill. 36.

In *Chicago City Bank and Trust Co.* v. *Board of Education,* 386 Ill. 508, the question of moot controversy was discussed at some length. It was there held that a question is said to be moot when it presents or involves no actual controversy, interests, or rights of the parties where

the issues have ceased to exist. It was further stated in that case, citing from *People ex rel. Lawrence* v. *Village of Oak Park*, 356 Ill. 154, that "It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." We then went on to say that where there is no real present question involving actual interests and rights for a reviewing court to consider, the court should not be compelled to review a cause merely for the purpose of determining who ought to pay the costs of the suit. A reviewing court should not decide questions that no longer exist merely for the sake of making a precedent.

The language of these cases is applicable here. Insofar as the right to an injunction is concerned, the plaintiff could not be aided by any decision of this court, inasmuch as the defendants no longer have any interest in the property involved in this cause. Any decision which we should make, therefore, upon the propriety of the circuit court order in denying the right to the injunction would be to decide an abstract question and, in effect, render a declaratory judgment to guide in future involvements. Such is without our power.

This leaves only the question as to whether or not it was erroneous for the circuit court to assess damages against the defendants for damage to the driveway and require them to put the driveway in proper operational condition. The defendants do not contest the propriety of this order and agree to carry out the order of the circuit court in this regard. Under these circumstances, there is nothing here for us to decide and, in accordance with the aforesaid cases, this appeal is dismissed.

*Appeal dismissed.*