No. 19,232.

WILLIE DEAN PRILLIMAN *v.* THE CITY OF CANON CITY.

(360 P. [2d] 812)

Decided April 3, 1961.

Mr. H. R. HARWARD, for plaintiff in error.

Mr. J. HARRISON HAWTHORNE, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE HALL.

ON March 3, 1958, Prilliman was summoned to appear in the municipal court of Canon City to answer a charge or complaint of driving an automobile on the streets of Canon City while under the influence of intoxicating liquor. He entered a plea of guilty. A fine of $125.00 then imposed was paid by Prilliman.

Very shortly thereafter, the ordinance which Prilliman was charged with violating and to which charge he had entered a plea of guilty was declared void by this Court,

in the case of *Canon City v. Merris,* 137 Colo. 169, 323 P. (2d) 614. (Decided March 17, 1958 — rehearing denied April 14, 1958.)

On April 1, 1958, Prilliman instituted suit against Canon City in the justice court, seeking to recover back the $125.00 which he had paid as a fine. He was denied relief and on appeal to the county court a like result obtained.

Prilliman is here by writ of error seeking reversal of the judgment of the county court.

Prilliman pleaded guilty to the charge in the municipal court and made a voluntary payment in satisfaction of the fine imposed. It is fair to assume that he paid his money under a mistake of law — believing the Canon City ordinance was valid and that lawful steps could be taken to collect the fine assessed against him. In this he was mistaken — clearly a mistake of law.

A voluntary payment of a fine assessed pursuant to an unlawful or void ordinance cannot be recovered, either from the municipality or from the officer of such municipality to whom it was paid.

The general rule is set forth in 70 C.J.S., Payment, §156 (c):

"Money paid under an unconstitutional or invalid statute or ordinance, without any circumstances of compulsion is paid under a mistake of law, and so cannot be recovered * * *."

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE McWILLIAMS concur.