STEVEN B. CLEVENGER, Plaintiff-Appellant, *v*. THE CITY OF EAST MOLINE, Defendant-Appellee.

Third District   No. 74-406

Opinion filed November 24, 1976.

Katz, McAndrews, Durkee & Telleen, of Rock Island (Stuart R. Lefstein, of counsel), for appellant.

Long, Schrager & Phares, of East Moline (Dan Ribble, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

On July 8, 1974, defendant, City of East Moline, a non-home-rule unit, enacted an ordinance, effective immediately, extensively regulating "Massage Establishments and Massage Services" performed in such establishments. Three days later, plaintiff filed a complaint for a declaratory judgment alleging that he "is in the business of operating a certain therapeutic operation"; that for the express purpose of restraining his business operation the city had passed the foregoing ordinance; and that such ordinance is invalid and unconstitutional (Ill. Rev. Stat. 1973, ch. 110, par. 57.1). In count II, he asked that enforcement of the ordinance against him be enjoined pendente lite. The record indicates that the prayer for injunctive relief was denied, and that after hearing, the circuit court, on August 26, 1974, entered an order that the ordinance is valid and constitutional except for certain specifically designated recitations.

On September 16, 1974, the city enacted an amendment, effective immediately, to modify its act entitled "Massage Establishments and Massage Services" to conform with the court's decision, and a copy thereof was entered to the record as an exhibit at the hearing on plaintiff's post-trial motion. Plaintiff appeals from the order of August 26, 1974, and from the order entered October 4, 1974, denying his post-trial motion. We view the questions raised on appeal as (1) whether the defendant city has the legal power to license and regulate massage establishments and (2) if so, whether this particular ordinance is void as being violative of the State and Federal constitutions.

The ordinance itself is 15 pages long and will therefore not be set out in its entirety. Its salient provisions establish a comprehensive procedure for the licensing of such establishments and of the personnel who are to give the massages, including fees and educational requirements from an institution of learning which has for its purpose the teaching of the theory, method, profession, or work of massage. Applicants for a license must supply information as to height, weight, color of eyes and hair; business, occupation or employment for three years preceding the date of application; similar business license history; all criminal convictions if any, except minor traffic violations; and such other information as may be required to verify the truth of the foregoing matters. Applicants may be required to give fingerprints and photographic identification, and limitations are imposed on material used to advertise massage establishments so that no portion of the human body may be depicted or described that "would reasonably suggest to prospective patrons that any

service is available other than" massage services. Massage services are prohibited in any room fitted with a door capable of being locked, and the masseur or masseuse must wear a clean and suitable outer garment whose use is restricted to the massage establishment, and must wear on said outer garment, at all times during operation, an identification name plate with permit number provided by the city clerk. Toilets, dressing room facilities, lockers, steam baths, tubs and showers, are required for separate sexes, and together with ventilation and lighting requirements, must conform with requirements of city electrical and plumbing codes. Soap, towels and laundered sheets must be provided and all facilities kept clean with approved receptacles for storage of soiled linens and paper towels. Upon the filing of an application for license, the city clerk is directed to refer the same to the building inspection department, the fire department, the health department, and city planning department for inspection and for written reports to the city clerk who shall also, upon receipt of the application, fix a time and place for a public hearing, and post 10-day notice thereof on the property proposed to be licensed. Within 14 days following the hearing the city clerk is directed to issue a license for a massage establishment if all requirements of the ordinance are met, and by the amendment of September 16, 1974, required also to issue a license to all persons who apply to perform massage services unless he finds they have not complied with the requirements of the act, including the various building, health, planning, and fire codes of the city, or that the applicant has been convicted of any offense involving violence, or sexual misconduct with children or other sex offenses as defined in the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38), excepting, however, that he may issue a license to any such person if such conviction occurred at least 5 years prior to the application and there have been no subsequent felony or misdemeanor convictions. Among grounds for revocation of any license is the refusal of a licensee to "permit any duly authorized police officer or a health inspector of city * * * to inspect the premises or the operations therein." Exempted from the application of the Act are hospitals, nursing homes, persons holding an unrevoked certificate to practice the healing arts under the laws of the State of Illinois, or persons working under the direction of any such persons or in any such establishments, and barbers or cosmetologists lawfully carrying on their respective businesses under a valid, unrevoked license or certificate of registration issued by the State of Illinois. "Massage" is defined in the ordinance as "[a]ny method of pressure on or friction against, or stroking, kneading, rubbing, tapping, pounding, vibrating, or stimulating of the external soft parts of the body with the hands or with aid of any mechanical electrical apparatus or appliances with or without such supplementary aids as rubbing alcohol, liniments,  antiseptics, oils,

powder, creams, lotions, ointments, or other similar preparations commonly used in this practice."

■■■ Although a number of issues have been raised in support of plaintiff's contention that the ordinance is invalid, our initial concern pertains to the matter of whether a justiciable controversy exists that plaintiff has standing to raise. His complaint alleges that his massage establishment is a "therapeutic operation," and in his brief it is argued that the right to regulate this "therapeutic" practice has been preempted by the State statute pertaining to physical therapy (Ill. Rev. Stat. 1973, ch. 91, par. 22.1 *et seq.*). Indeed, at the time this action was commenced, the statutory definition of physical therapy was broadly described to include the massage service plaintiff describes, and by amendment effective September 5, 1974, the statute expressly preempted all right to regulate it. The city ordinance, however, recites at section 3—13—29, that any State-licensed operation constituting the practice of physical therapy is *exempted* from the ordinance. To establish a right to declaratory judgment as to the validity of an ordinance, the party initiating the cause must plead facts showing a protectible interest *clearly* falling within the operative language of the ordinance and that he will be adversely affected by its enforcement (22 Am. Jur. 2d *Declaratory Judgments* §27 (1965); *Berg v. City of Chicago* (1st Dist. 1968), 97 Ill. App. 2d 410, 240 N.E.2d 344). One who alleges, as plaintiff does here, facts which appear to bring him within the terms of an exemption from the ordinance cannot be heard to attack its validity. (*Gorieb v. Fox* (1927), 274 U.S. 603, 71 L. Ed. 1228, 47 S. Ct. 675.) The fact that the ordinance exemption might be shown inapplicable if at some future time it is clearly alleged or shown that plaintiff's operation is unlicensed by the State, is insufficient to present a justiciable controversy by which plaintiff would have a present right to attack its validity. (*Berg v. City of Chicago* (1st Dist. 1968), 97 Ill. App. 2d 410, 240 N.E.2d 344; 22 Am. Jur. 2d *Declaratory Judgments* §§10, 11 and 27 (1965); see also 56 Am. Jur. 2d *Municipal Corporations* §399 (1971).) Yet, following the time this cause was filed, the definition of "physical therapy" was modified by statutory amendment, and it is the present law that must be applied in deciding this case. (*Rios v. Jones* (1976), 63 Ill. 2d 488, 348 N.E.2d 825.) The term no longer relates to the use of massage for "any condition" including even for gratification or enjoyment, but is restricted to "evaluation or treatment * * * for the purposes of preventing, correcting, or alleviating a physical or mental *disability*." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 91, par. 22.1.) Applying that definition, the allegation that plaintiff's operation is "therapeutic" becomes a conclusory characterization only and cannot be fairly read as an averment of fact that his practice is limited to "preventing, correcting or alleviating a * * * disability." Accordingly we construe plaintiff's

pleading as claiming no exemption from the ordinance and proceed to a consideration of the merits of the controversy.

In support of the contention that the ordinance is invalid, plaintiff claims (1) that the City of East Moline, a non-home-rule unit, lacks the legal power to license and regulate massage establishments; (2) that this subject matter whether viewed as an effort to regulate illicit sexual conduct or as a health measure, has been preempted by State statutes (*i.e.*, the sex offenses provisions of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38), or by acts regulating the practice of physical therapy (Ill. Rev. Stat. 1973 ch. 91, par. 22.1), and those regulating barbers and beauty culturists (Ill. Rev. Stat. 1973, ch. 16¾, par. 14.35 *et seq.;* par. 15 *et seq.,* and Ill. Rev. Stat. 1975, ch. 16¾, par. 33)); (3) the ordinance is oppressive and arbitrary and not reasonably related to the objects sought to be accomplished by any purported enabling legislation; and (4) that the ordinance denies equal protection and constitutes illegal class action because it exempts from regulation identical work performed in places other than massage establishments.

■■ Each of these foregoing contentions, with others, was recently separately considered and rejected by this court in a cause attacking the validity of a substantially similar ordinance adopted by the City of Peoria. (*Wes Ward Enterprises, Ltd. v. Andrews* (1976), 42 Ill. App. 3d 458.) The opinion by Mr. Justice Stengel in that cause is deemed dispositive of the same issues raised here. We therefore hold that the ordinance of the City of East Moline regulating the business of massage establishments and those practicing massage in such business establishments is a reasonable exercise of the city's police power; that its several provisions, as amended, are reasonably designed to promote a public interest in the preservation of the public health, safety and welfare and the prevention of offenses whereby unscrupulous persons for profit could operate massage establishments for purposes of ministering to the vices of obscenity or prostitution. As stated in *Wes Ward Enterprises, Ltd.*, the Criminal Code of 1961 is not preemptive of the city's right to regulate the business of massage, and the other State statutes referred to by plaintiff are not preemptive of the city's right to regulate such activities where they are not administered under a State license for purposes of treating a disability, or in connection with the work of a licensed barber or beauty culturist.

The educational requirements of the ordinance are less burdensome than those deemed necessary and imposed by State statutes for therapists or barbers. It is not unreasonable for the city to require of one proposing to sell massage services to the public, that such person demonstrate evidence of training and knowledge in that field. The opinion of the legislative body as to what training is an essential prerequisite for the public health and safety, to prevent injury or the spread of disease, is

presumptively valid. In the absence of any clear demonstration by plaintiff that the requirements are unrelated to the purposes of the act, the courts will not substitute their opinions for that of the legislative authorities. *Schuringa v. City of Chicago* (1964), 30 Ill. 2d 504, 198 N.E.2d 326.

■■ The exemptions of this ordinance do not make it unconstitutionally infirm, since a reasonable distinction exists between the activities included and those excluded. *Wes Ward Enterprises, Ltd. v. Andrews* (1976), 42 Ill. App. 3d 458.

Vesting a limited discretionary authority in a municipal officer in respect to whether an application for license meets the standards of the ordinance is not a delegation of legislative authority. (*Toplis & Harding, Inc. v. Murphy* (1943), 384 Ill. 463, 471-72, 51 N.E.2d 505, 509.) Moreover, read in the context of the entire ordinance, we agree with respondent that section 3—13—15, especially in conjunction with section 3—13—14 as amended, requires the city clerk to issue a license where legislative standards are met.

■■ Finally, we conclude that the provisions of the ordinance are reasonably related to the public purposes sought to be attained and are not arbitrary or oppressive, and that the judgment of the circuit court was correct and ought, therefore, be affirmed.

Accordingly, the judgment is affirmed.

STOUDER, P. J., and ALLOY, J., concur.