EAGLE BOOKS, INC., *et al.*, Plaintiffs-Appellants and Cross-Appellees, *v.* THE CITY OF ROCKFORD *et al.*, Defendants-Appellees and Cross-Appellants.

Second District No. 78-27

■■■■■■

Opinion filed December 21, 1978.

J. Steven Beckett, of Reno, O'Byrne & Kepley, of Champaign, for appellants.

A. Curtis Washburn and Stephen W. McCarty, both of City of Rockford Department of Law, of Rockford, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:
Plaintiffs, Eagle Books, Inc. and Michael Milazzo, brought an action for declaratory judgment and for injunctive relief. They sought to have the Rockford obscenity ordinance declared unconstitutional on its face and to enjoin its enforcement against them. Defendants, the City of Rockford *et al.*, counterclaimed, alleging that certain materials which were possessed for sale by plaintiffs were in violation of the obscenity ordinance. The trial court found the ordinance to be constitutional and plaintiffs appeal from that finding. The court also dismissed the counterclaim for failure to state a cause of action and defendants cross-appeal from that order.

■■ ■ We first consider plaintiffs' standing to seek declaratory relief. It does not appear that the ordinance has at any time been enforced against plaintiffs. While it appears that an actual case or controversy does not exist, the party initiating an action for declaratory judgment as to the validity of an ordinance has the right to such a determination if he pleads facts showing a protectable interest clearly falling within the operative language of the ordinance and that he will be adversely affected by its enforcement. (*Clevenger v. City of East Moline* (1976), 44 Ill. App. 3d 168, 357 N.E.2d 719.) It is not contested that plaintiffs keep for exhibition and sale various communicative materials dealing frankly with nudity and

sexual matters. The complaint alleges that these materials are protected under the First Amendment to the United States Constitution, that the ordinance imposes a prior restraint on the exhibition or sale of the material and that arrests made under the ordinance will cause the closing of plaintiffs' business. In our view, plaintiffs have met the *Clevenger* requirements and we hold that the trial court properly heard the request for a declaratory judgment as to the validity of the ordinance.

Plaintiffs raise six issues on appeal: (1) Whether the ordinance violates the First and Fourteenth Amendments to the United States Constitution in that it is vague, indefinite and uncertain because it fails to give adequate notice of prohibited conduct; (2) Whether the ordinance violates the First and Fourteenth Amendments to the United States Constitution in that it is overbroad; (3) Whether the ordinance makes private possession of obscene material a criminal offense; (4) Whether the ordinance improperly presumes knowledge of content from possession of obscene material; (5) Whether the ordinance fails to apply the proper community standard in determining obscenity; and (6) Whether the ordinance fails to properly define what may be obscene. Defendants' cross-appeal raises the issue of whether the court properly dismissed defendant's request for a determination that certain materials allegedly possessed by plaintiffs were obscene.

Plaintiffs contend that the definition of obscenity in the ordinance is vague, indefinite and uncertain and therefore fails to give adequate notice of the conduct prohibited. The ordinance requires that for a work to be obscene, the trier of fact must find that the material, taken as a whole, appeals to a prurient interest in sex, and depicts or describes sexual conduct in a patently offensive way, and that the work, taken as a whole, lacks serious literary, artistic, political or scientific value. This closely follows the guidelines set by the United States Supreme Court in *Miller v. California* (1973), 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607, and we accordingly find no vagueness, indefiniteness or uncertainty.

■■ Plaintiffs similarly contend that several sections of the ordinance are unconstitutional as being overbroad and would operate to proscribe not only obscenity but also innocent acts or legitimate expression. These sections of the ordinance are limited by the requirement that the sexual conduct as depicted or described must be patently offensive to be considered obscene. (*Ward v. Illinois* (1977), 431 U.S. 767, 52 L. Ed. 2d 738, 97 S. Ct. 2085.) Therefore, we hold that these sections are not overly broad because the "patently offensive" requirement suffices to exclude otherwise innocent acts or representations from being obscene and therefore is consistent with *Miller*.

Subsection (c)(2) of the ordinance provides:

"A person who possesses six or more identical or similar obscene

articles is presumed to possess them with the intent to promote the same."

Another section of the ordinance makes possession of obscene material with the intent to promote it an offense. Plaintiffs assert that the above presumption is unconstitutional because it shifts the burden of proof to a person charged with its violation and because it makes private possession of obscene material an offense, contrary to *Stanley v. Georgia* (1969), 394 U.S. 557, 22 L. Ed. 2d 542, 89 S. Ct. 1243. It is within the power of a legislature to allow proof of one fact which is necessary to the proof of an offense to be made through an inference drawn from proof of another fact or facts; such an inference of the existence of the ultimate fact from the fact proved must not be arbitrary, unreasonable, or unnatural, and the evidentiary fact must have some fair relation or rational connection with the ultimate fact to be proved, and must have some tendency to prove it. (*Shoot v. Illinois Liquor Control Com.* (1964), 30 Ill. 2d 570, 198 N.E.2d 497.) We construe the presumption or inference created under subsection (c)(2) as being only a permissible inference and not a conclusive one, and hold that it meets the requirements of *Shoot*; we therefore do not believe that the burden of proof has been shifted to one charged with an offense under the ordinance. However, regarding private possession of obscene material, we believe that a person may possess six or more "similar" obscene articles solely for personal use, and that such a person should therefore not be presumed to intend to possess them for promotion. For that reason we hold that the presumption in subsection (c)(2) that possession of six "similar" obscene articles is possession with the intent to promote them is invalid. We do not, however, invalidate the rest of the ordinance on this basis, as we believe that the words, "or similar" may readily be stricken from the subsection without affecting the remainder of the ordinance.

The Rockford ordinance makes knowledge an element of the offense. Plaintiff contends that subsection (c)(1) also creates a "shifting the burden of proof" problem. That section presumes knowledge of content and character of material from possession with intent to promote it or from actual promotion of obscene material. As above, it is our opinion that this presumption is only a permissible inference and not a conclusive one, and that it meets the requirements set forth in *Shoot* that there be a rational connection between the facts proved and the ultimate fact presumed. It is accordingly valid.

The validity of the ordinance as a whole is challenged because it fails to provide for application of a statewide community standard for determining obscenity. Specifically, section (b)(6) provides:

" 'Community Standards': In determining 'Contemporary Community Standards' a juror may utilize the standards of the

community or vicinage from which he comes, but the Court, in its discretion, may admit evidence of standards existing outside of such community or vicinage."

The United States Supreme Court approved use of such a local community standard in *Hamling v. United States* (1974), 418 U.S. 87, 41 L. Ed. 2d 590, 94 S. Ct. 2887; however, the States are free to define "community" in precise geographic terms (*Jenkins v. Georgia* (1974), 418 U.S. 153, 41 L. Ed. 2d 642, 94 S. Ct. 2750). In line with this holding the Illinois Supreme Court has held that section 11—20 of the Criminal Code of 1961 (Ill. Rev. Stat. 1969, ch. 38, par. 11—20) contemplates application of a statewide rather than local standard. (*People v. Ridens* (1974), 59 Ill. 2d 362, 321 N.E.2d 264.) It is our view that *Ridens* mandates application of a statewide community standard to determine obscenity under a local ordinance as well as under the State obscenity statute. The *Ridens* court also considered a prosecution under the City of Moline obscenity ordinance as well as a prosecution under the State obscenity statute, and that court noted that what was said about the alleged vagueness and overbreadth of the State obscenity statute was applicable to the Moline obscenity ordinance. The standards set forth in that case for the determination of obscenity under the State obscenity statute should likewise apply to a city ordinance. The uniformity resulting from the use of a statewide standard is of great importance in the area of First Amendment rights. If each community were allowed to apply its own standard of obscenity it would become almost impossible to define the line between obscenity and protected speech under the First Amendment, as the result would be a patchwork of varying standards so numerous that the right to freedom of speech and expression would be chilled by the practical problem confronting a dealer who must first ascertain what did or did not contitute obscenity in a given locale.

■■ The definition of "obscene" in the ordinance also adopts from *Miller* the requirement that the work, taken as a whole, lacks serious literary, artistic, political or scientific value. The Illinois Supreme Court has adopted the less restrictive standard that the work must be "utterly without redeeming social value." (*People v. Ridens.* See also *People v. Stromblad* (1978), 74 Ill. 2d 35, ___ N.E.2d ___.) In *Ridens*, both the State statute and the Moline ordinance applied this less restrictive test, and it is the test which must be used by Illinois courts rather than that from *Miller.* This was the standard used in *City of Delavan v. Thomas* (1975), 31 Ill. App. 3d 630, 334 N.E.2d 190, which involved prosecution under a city ordinance.

■■ On the basis of the foregoing analysis we hold that the Rockford obscenity ordinance is unconstitutional because it fails to prescribe a statewide community standard and fails to adopt the "utterly without redeeming social value" test in defining obscenity.

 There remains to be considered the striking and dismissal of Rockford's counterclaim. Defendant-counterplaintiff requested that the trial court find that certain materials allegedly possessed by plaintiffs and which were being sought through discovery were in violation of the ordinance. Rockford's brief before this court concedes that its counterclaim "may have been deficient in that no specific materials were presented as exhibits alleging that those materials violated the Rockford obscenity ordinance." We agree. We note that the items complained of were never entered into evidence nor were they presented in an offer of proof, and that there was no attempt to file an amended countercomplaint referring to any specific material. We accordingly affirm the dismissal of the countercomplaint.

The decision of the circuit court is reversed as to the constitutionality of the Rockford obscenity ordinance and is affirmed as to the dismissal of Rockford's countercomplaint.

Affirmed in part and reversed in part.

SEIDENFELD, P. J., and GUILD, J., concur.