(No. 36967⋅

THE A. S. & W. CLUB OF WAUKEGAN, ILLINOIS, Appellee, *vs.* JOSEPH J. DROBNICK *et al.,* Appellants.

*Opinion filed Nov. 30, 1962.—Rehearing denied Jan. 28, 1963.*

522

Mark Drobnick, of Waukegan, for appellants.

Hall, Meyer, Van Deusen, Holmberg & Snook, of Waukegan, (Albert L. Hall, Jr., of counsel,) for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

The American Steel and Wire Club, an Illinois corporation, brought an action in the circuit court of Lake County against Joseph J. Drobnick and his wife Eleanor. The plaintiff seeks a declaratory judgment construing the language of a deed whereby it had acquired certain real estate from defendants. After a motion to dismiss was made and denied, defendants filed an answer and a counterclaim alleging that by the language in question plaintiff had agreed to build a clubhouse on the land, that the agreement was part of the consideration for which defendants had sold the land, and that plaintiff had failed and refused to perform it. Defendants seek specific performance or, in the alternative, a reconveyance. After hearing evidence the court entered judgment in plaintiff's favor. Defendants bring their appeal directly to this court, a freehold being involved.

By the deed in question, executed on March 1, 1947, defendants conveyed 6.2 acres of vacant land to the plaintiff. The deed contains the following provision: "The grantee herein, and assigns, further agree, as part of the consideration hereof, to erect their club house building with an exterior wall finish of either clay brick, stone, terra-cotta or any combination thereof." The plaintiff club, according to the complaint, is financially unable to build its proposed club house and desires to sell the land to a third party. The complaint alleges a controversy about the meaning of the language in the deed, and prays that it be construed to create merely a covenant running with the land, the only effect of which is to require the exterior finish of any building that may be constructed thereon to be of the specified material. The defendants, who own or control other land nearby, claim that erection of a clubhouse was desired by them, that it constituted a major part of the consideration for which they sold the land, and that the quoted language constitutes an agreement on the part of the plaintiff to build one. They pray that plaintiff be required "to specifically perform its said contract to construct said clubhouse by a short date or in the alternative and in the event that it shall appear that plaintiff is financially or for some other good and sufficient reason unable so to do, that judgment be entered requiring the plaintiff to reconvey to the defendants said 6.2 acre parcel of land upon the return to it of the money consideration paid to said defendants for said conveyance, tender of which sum is hereby made, and upon such other just and equitable terms as to this Court shall seem meet and equity shall require." The circuit court held there was no basis for defendants' counterclaim, and judgment was entered declaring that the language in question constitutes a covenant running with the land, under which plaintiff and any purchaser from the plaintiff agree that any building to be constructed thereon shall have an exterior wall finish of clay brick, stone, terra-cotta, or a combination thereof.

Defendants first contend the court erred in denying their motion to dismiss on the ground that the complaint does not sufficiently allege the existence of a controversy and hence fails to state a case for declaratory relief. There was no error in denying the motion. In limiting the remedy to "cases of actual controversy" the statute was meant merely to distinguish justiciable cases from disputes of a hypothetical or abstract character. It was not intended to exclude concrete disputes admitting of an immediate and definitive determination of the legal rights of the parties. *Exchange National Bank* v. *County of Cook,* 6 Ill.2d 419.

The present complaint alleges that the plaintiff proposes to convey to a third party, that the defendants claim the language in question restricts such a sale and requires plaintiff to construct a club house, and that under plaintiff's interpretation the language merely requires a designated exterior wall finish on any building that may be erected on the land. It is clear from these allegations that the parties have taken an adverse position with respect to the meaning of the deed and plaintiff's duties thereunder. The dispute does not relate to a hypothetical case but is clearly an actual controversy calling for an adjudication of present rights.

In support of the contention that the club undertook to build on the land, defendant Joseph J. Drobnick testified that during negotiations for the sale he informed the club he would sell only on that condition. Joseph A. Unewitz, chairman of the club's Building and House Committee, represented the club in the negotiations. He testified he informed Drobnick that if the club was able to put up the building it would be one of stone or brick, and that Drobnick merely said he did not want them to put up "a cement block or tin shed." A preliminary form of contract drawn up by plaintiff's attorney in July, 1946, contained the provision that "When and if a building is erected on said premises, buyer agrees to erect a building with finished exterior of brick or terracotta and also allow rezoning of property ad-

joining for club or lodge purposes." This form was submitted to defendants but for some reason was not executed. Following delivery of the deed on March 1, 1947, the club caused to be published a newspaper announcement describing in detail the contemplated clubhouse.

In 1950, after it became apparent that plaintiff would be unable to build the clubhouse, defendants offered to purchase back the property for the original price of $15,000, plus interest. The plaintiff refused, but listed the property with defendant Drobnick, who was a real estate broker, for sale at a price of $30,000. Drobnick at that time said he would see what he could do, and made no claim of rights in himself.

We see no basis for defendants' contention that a contract was created requiring plaintiff to erect a building on the land. No terms appear with respect to size, plans, specifications, cost or other means of identifying the building to be erected, nor is any time stated for the construction to be performed. The law is clear that where the material terms and conditions are not ascertainable no enforceable contract is created. *Milani* v. *Proesel,* 15 Ill.2d 423.

In the present case the plaintiff merely promised "to erect their club house building with an exterior wall finish of either clay brick, stone, terra-cotta or any combination thereof." While it was apparently contemplated that some kind of clubhouse would be built, the language of the covenant does not in terms require its erection. All it relates to is the exterior wall finish of the clubhouse which plaintiff expected to build.

If defendants had wished to bind the plaintiff to erect a designated building on the land they should have said so by explicit and unambiguous provisions. When the deed is construed most strongly against its author, as it must in case of ambiguity, it is manifest that it falls short of containing an obligation to build. Moreover the wording of the preliminary form submitted in 1946, as well as the behavior of

the parties after it became evident that no clubhouse would be built, also indicate a construction contrary to the one now urged by defendants.

No error has been shown, and the judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*