DeWitt Weary *et al.*, Plaintiffs-Appellants, *v.* School District # 189, East St. Louis, Defendant-Appellee.

(No. 73-107; )

Fifth District—June 17, 1974.

Cohn, Carr, Korein, Kunin & Brennan, of East St. Louis (Rex Carr, of counsel), for appellants.

Edward Neville, of East St. Louis, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This was an action for declaratory judgment seeking to establish the validity of a collective bargaining agreement entered into by the plaintiffs-appellants, DeWitt Weary and Local 1220 of the American Federation of Teachers, AFL-CIO, and the defendant-appellee, School District # 189. The circuit court of St. Clair County held that the plaintiffs-appellants had "not presented a cause cognizable in equity" and entered an order dismissing their complaint for want of equity. It is from that order this appeal is taken.

The plaintiff-appellant union, as the sole and exclusive bargaining

representative of the school teachers and others employed by the defendant-appellee, had entered into an agreement with School District # 189 on May 25, 1972, setting out terms of employment and working conditions to exist between the parties for the school years 1971-72 and 1972-73. This agreement provided, among other things, that all employees employed in the bargaining unit, or who were to become employees in the bargaining unit, who were not already members of Local 1220, should within 60 days after their date of hire become members of the union or, in the alternative, should, as a continuing condition of employment, pay to the union each month a service fee in an amount equal to that person's proportionate share of the costs of negotiating and administering the provisions of the contract. The agreement established that the Board of Education would recognize that a refusal of a teacher to contribute fairly to the costs of negotiation and administration of the present and subsequent agreement would be a just and reasonable cause for termination of employment under the Illinois Tenure Act. The agreement also required the Board to dismiss such employee and to follow the dismissal procedures set out in the Illinois Teacher Tenure Act. It finally provided that if any provision of Article III of the agreement was invalid under Federal or State law, the provision should be modified to comply with the requirements of Federal or State law, and that no provision of Article III of the agreement should be placed in effect until a court had determined the legality of these provisions.

Alleging that the parties to the agreement were in doubt as to the meaning of said provisions, the plaintiffs-appellants brought suit praying that the court declare the rights and liabilities of the parties to those provisions in accordance with section 57.1 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 57.1). The defendant-appellee filed an answer admitting all of the allegations of the complaint, but asserting an affirmative defense that the described provisions of the agreement violated Ill. Rev. Stat. 1971, ch. 48, par. 2b, in that they required newly employed, certified personnel and others to join a labor union in order to retain employment. The trial court, however, found that the plaintiffs-appellants had not presented a question within the province of the equity court to determine and therefore dismissed the suit for want of equity.

■■ The issue for our consideration is whether or not the trial court erred in dismissing the appellants' complaint for declaratory judgment in light of the requirements of the declaratory judgments provision of the Illinois statutes (Ill. Rev. Stat. 1971, ch. 110, par. 57.1). The declaratory judgment statutes provides, in part, as follows:

"No action or proceeding is open to objection on the ground that

a merely declaratory judgment, decree or order is sought thereby. The court may, *in cases of actual controversy*, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation, or of any deed, will, *contract* or other written instrument, and a declaration of the rights of the parties interested." (Emphasis ours.)

Pursuant to this provision, construction of a contract is a proper subject of inquiry in a declaratory judgment action. (*Greene v. Gust*, 26 Ill.App.2d 2, 167 N.E.2d 438; *Crerar Clinch Coal Co. v. Board of Education*, 13 Ill.App.2d 208, 141 N.E.2d 393.) However, there must be an actual controversy between the parties before a declaration of rights may be made. (*Gouker v. Winnebago County Board of Supervisors*, 37 Ill.2d 473, 228 N.E.2d 881; *Exchange National Bank v. County of Cook*, 6 Ill.2d 419, 129 N.E.2d 1; *Saline Branch Drainage District v. Urbana-Champaign Sanitary District*, 399 Ill. 189, 77 N.E.2d 158.) The Illinois Supreme Court has repeatedly held that the declaratory judgment provision "does not authorize the court to grant declarations of rights involving mere abstract propositions of law without regard to the interests of the parties * * *." (*Exchange National Bank v. County of Cook*, 6 Ill.2d 419, 129 N.E.2d 1, 3.) The declaratory judgment procedure is not intended to permit moot or hypothetical cases, or to enable parties to secure advisory opinions or legal advice from the court with respect to anticipated future difficulties. *Meyer v. Madison County*, 7 Ill.App.3d 289, 287 N.E.2d 159; *Berg v. City of Chicago*, 97 Ill.App.2d 410, 240 N.E.2d 344.

■■ The question here is whether or not a dispute arising under a contract which provides that the provisions in dispute are not to be given effect until a court determines their legality is a proper subject for declaratory relief. As was indicated earlier in this opinion, it is well settled that the declaratory judgment provision cannot be construed as authorizing a court to determine the rights of parties in hypothetical cases, to render advisory opinions and legal advice, or to settle anticipated future difficulties. (See *Exchange National Bank v. County of Cook*, 6 Ill.2d 419, N.E.2d 1; and *Berg v. City of Chicago*, 97 Ill.App. 410, 240 N.E.2d 344.) Although it has been held that the declaratory judgments provision is to be liberally construed so that its intended purposes will be accomplished, its provisions are to be strictly complied with and its application is restricted to questions within the province of a court to decide. *Saline Branch Drainage District v. Urbana-Champaign Sanitary*

40

*District,* 399 Ill. 189, 77 N.E.2d 158; *Jones v. Hodges,* 2 Ill.App.2d 509, 119 N.E.2d 806.

■■ It was not within the province of the court to determine the issues and declare the rights of the parties to a dispute arising under a contract which was not binding. Since the contract provision in question was not binding upon the parties until declared legal by a court of competent jurisdiction, no legal issues could arise under it. The court would be rendering an advisory opinion in a hypothetical case if it were to determine the issues and the rights of the parties by construction of the contract, in this case.

Having reached this result we do not concern ourselves with the contention that the question is moot, since the contract expired June 30, 1973, nor whether the exception to the general rule that mootness requires dismissal of a declaratory judgment action, since a like provision has been incorporated in the current contract, is applicable. See *Illinois News Broadcasters Association v. City of Springfield* ( # 73-140, Fifth District, filed May 16, 1974) —— Ill.App.3d ——, —— N.E.2d ——.

Judgment affirmed.

G. MORAN, P. J., and JONES, J., concur.