JAMES B. AMOS, d/b/a Sans Souci Partnership, Plaintiff-Appellant, *v.* NORWOOD FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.

First District (1st Division)   No. 76-591

Opinion filed March 28, 1977.

Defrees & Fiske, of Chicago (Edward J. Griffin and Gary Schuman, of counsel), for appellant.

Gomberg and Sharfman, Ltd., of Chicago (Robert J. Sharfman, David L. Gomberg, and Lawrence A. Gold, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

This action was brought for declaratory judgment and injunctive relief. Each side moved for summary judgment. The trial court dismissed the cause on its own motion, finding that no actual case or controversy exists between the parties. Plaintiff has appealed.

The principal issue is whether an actual controversy is disclosed by the record. Defendant also contends that the issues are moot.

The facts are not disputed. In 1971, Sans Souci Partnership (plaintiff) acquired the beneficial interest in an existing land trust of which the Citizens Bank and Trust Company of Park Ridge was trustee. The trust

res is a parcel of land in Mt. Prospect, Illinois, improved by more than 80 apartments.

On June 6, 1972, the trustee executed a promissory note of $950,000 payable to Norwood Federal Savings and Loan Association (defendant). This note was payable in installments over a 25-year period and was secured by a mortgage of the trust property to defendant. The mortgage contained the following provision (hereinafter the "due on conveyance" clause):

> "In the event the Grantors herein convey these premises, this Mortgage and Note, secured thereby, shall become due and payable on demand, notwithstanding any terms to the contrary as to time of monthly payments or in payment of the final balance."

On October 10, 1972, plaintiff assigned to defendant its entire "right, power, privileges, [and] beneficial interest" in the trust agreement and "all right, title or interest" in the trust res. Two letters written by defendant's executive vice president refer to this assignment as "additional collateral" for the loan.

At the time the complaint was filed, plaintiff was negotiating with Grimsley, Ltd, (buyer) for sale of the beneficial interest of the trust. An agreement had been prepared for this purpose but had not been executed. A copy of the agreement, comprising some 40 pages, was appended to defendant's answer. The proposed agreement provided for payment for the beneficial interest in installments over a 10-year period. Plaintiff covenanted to assign the interest after the buyer had made all payments and complied with other conditions. Plaintiff as seller also agreed to deliver possession of the property to buyer and to assign all interest in existing leases upon payment of certain initial sums, subject to the first mortgage held by defendant. The contract did not require buyer's assumption of the note and mortgage but provided that an escrowee would pay the mortgage indebtedness as it received payments from the buyer. Plaintiff agreed to transfer the beneficial trust interest to the buyer only upon full payment of the mortgage indebtedness to defendant.

The complaint alleged that defendant had claimed that execution of the above agreement would authorize an immediate acceleration of the note and mortgage under the "due on conveyance" clause and that defendant had threatened foreclosure proceedings if the contract were executed. Plaintiff alleged that acceleration of the note and mortgage could require it to obtain a new mortgage at a substantially higher rate of interest and that the threat of acceleration could cause the buyer to refuse to execute the proposed agreement and thus would deprive plaintiff of the benefit of the sale. Plaintiff further alleged the assignment of the beneficial interest on October 10, 1972, had been for security purposes only. Defendant's answer averred, in effect, that the assignment had transferred the entire

beneficial interest "absolutely, and without restriction" and this prevented any transfer of the interest without defendant's consent.

The statute governing declaratory judgments provides (Ill. Rev. Stat. 1975, ch. 110, par. 57.1(1)):

> "No action or proceeding is open to objection on the ground that a merely declaratory judgment, decree or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights * * * whether or not any consequential relief is or could be claimed, including the determination * * * of the construction of any * * * contract or other written instrument, and a declaration of the rights of the parties interested."

■■ The declaratory judgment procedure provides a statutory remedy "designed to afford security and relief against uncertainty with a view to avoiding litigation * * * and to settle and fix rights before there has been an irrevocable change of position of the parties in disregard of their respective claims of right * * *." (Ill. Ann. Stat., ch. 110, par. 57.1, Historical and Practice Notes, at 128 (Smith-Hurd (1968). See generally *Richards v. Liquid Controls Corp.* (1975), 26 Ill. App. 3d 111, 130, 325 N.E.2d 775; *Charleston National Bank v. Muller* (1974), 16 Ill. App. 3d 380, 382, 306 N.E.2d 358.) However, declaratory relief is not available in cases involving hypothetical questions or mere abstract propositions of law. See *Weary v. School Dist. No. 189* (1974), 20 Ill. App. 3d 37, 39-40, 312 N.E.2d 764. See generally *Exchange National Bank v. County of Cook* (1955), 6 Ill. 2d 419, 421-23, 129 N.E.2d 1.

■■ Defendant urges that no actual controversy exists because the proposed agreement remains unexecuted, therefore, "there [was] no transaction pending for the lower court to pass upon [and] * * * there may be no transaction in the future." We disagree. In our opinion, under Illinois law, an actual controversy is presented in the record before us.

In *A.S. & W. Club v. Drobnick* (1962), 26 Ill. 2d 521, 187 N.E.2d 247, plaintiff, the grantee of realty under a deed from defendant, brought a declaratory judgment action for construction of a provision of the deed. Plaintiff had proposed to sell the land to a third party and defendant objected contending that the deed restricted the sale and required plaintiff to construct a clubhouse on the land. Plaintiff countered that the deed merely required "a designated exterior wall finish on any building that may be erected on the land" (26 Ill. 2d 521, 524), but did not require plaintiff to erect the structure. On appeal, defendant argued that no controversy existed and the cause should have been dismissed. The supreme court held that the parties had "taken an adverse position with respect to the meaning of the deed and plaintiff's duties thereunder" so that there was "clearly an actual controversy calling for an adjudication of present rights." 26 Ill. 2d 521, 524.

Similarly, in *Crest Commercial, Inc. v. Union-Hall, Inc.* (1968), 104 Ill. App. 2d 110, 243 N.E.2d 652, plaintiff, a shopping center owner, had negotiated the terms of a drugstore lease. Defendant, a tenant, objected to the proposed transaction claiming that the new business would violate a restrictive covenant in the prior lease between plaintiff and defendant. The trial court granted plaintiff a declaratory judgment. On appeal, defendant argued that since the new lease had not been executed, no actual controversy existed. The court held that, given the conflict over the interpretation of the existing lease, the fact that plaintiff had negotiated a lease with a potential competitor of defendant was sufficient to show an actual controversy. The court stated that the pertinent statute should be liberally construed and that an actual violation of a right is not necessary to declaratory relief. "The mere existence of a cloud, the denial of a right, * * * the existence of conflicting claims * * * may constitute the operative facts entitling a party to declaratory relief." (104 Ill. App. 2d 110, 115, quoting *Trossman v. Trossman* (1960), 24 Ill. App. 2d 521, 531-32, 165 N.E.2d 368.) The *Crest* court concluded that to make nonexecution of the lease the determinative fact would "negate the salutary purpose of the Declaratory Judgment Act." 104 Ill. App. 2d 110, 116.

In the case before us, as in *Drobnick* and *Crest,* plaintiff proposes to transfer a property interest. Defendant opposes this under the terms of a preexisting contract with plaintiff. As in *Crest,* plaintiff has negotiated and drafted an extensive agreement which remained unexecuted at the time the action was filed. These parties have taken sharply adverse positions regarding the construction and legal effect of the "due on conveyance" clause and the assignment of October 10, 1972, from plaintiff to defendant. The mere fact that the agreement remains unexecuted cannot alter our conclusion that a justiciable controversy exists. We cannot overlook the plain language of the act: "No action * * * is open to objection on the ground that a merely declaratory judgment * * * is sought thereby." Ill. Rev. Stat. 1975, ch. 110, par. 57.1(1). See also *Peifer v. Board of Trustees of Police Pension Fund* (1976), 35 Ill. App. 3d 383, 386, 342 N.E.2d 131; *People ex rel. Anastasia v. Civil Service Com.* (1973), 10 Ill. App. 3d 583, 585-86, 295 N.E.2d 127.

Further, these facts present an ideal situation for use of declaratory judgment proceedings prior to execution of the proposed agreement. Plaintiff claims the right to assign its interest in the trust. This claim is countered by defendant's asserted right to foreclosure under the "due on conveyance" clause. To require plaintiff to enter into a contract with the buyer as a condition precedent to judicial review would, in our opinion, place plaintiff in the untenable position of being obliged to choose between foreclosure by defendant and a potential action for breach of

contract by the buyer. Surely the modern remedy of declaratory judgement should be available to assist litigants to avoid this type of Scylla-Charybdis situation. In addition, the prospect of lengthy litigation over the conflict between assignment and foreclosure, if left unresolved, would tend to hamper any future negotiations plaintiff might undertake. As this court noted in *Roberts v. Roberts* (1967), 90 Ill. App. 2d 184, 187, 234 N.E.2d 372:

> "The mere existence of a claim, assertion or challenge to plaintiff's legal interests, in which the ripening seeds of litigation may be seen and which cast doubt, insecurity, and uncertainty upon plaintiff's rights or status, damages plaintiff's pecuniary or material interests and establishes a condition of justiciability. [Citation]."

The crux of defendant's argument is that plaintiff admitted the proposed agreement had not been executed and "would not be signed." This contention is based upon the assertion in a brief filed by plaintiff in the trial court that "the potential buyer under that Agreement may never sign it, because the buyer's financing commitment has recently expired. Although it would be plaintiff's intention to sign a similar contract with a different buyer if the original buyer does not sign the Agreement, defendant cannot accelerate the mortgage merely because plaintiff contemplates signing such an Agreement." Defendant thus distinguishes *Crest* as involving a third party "standing ready to create a legally binding relationship" with plaintiff. In plaintiff's motion for summary judgment, the allegation is made that "[p]laintiff is about to execute a contract with a third party * * *." Defendant's motion for summary judgment included the admission that plaintiff's motion had accurately set forth all surrounding facts. Plaintiff's subsequently filed reply brief did not state or admit that the proposed agreement would never be signed or that the buyer would not seek replacement financing for the sale. We find no significant difference between the proposed buyer in the instant case and the proposed buyer in *Drobnick* or the potential lessee in *Crest.*

The cases cited by defendant are factually inapposite and do no alter our conclusion here. *Gibraltar Insurance Co. v. Varkalis* (1970), 46 Ill. 2d 481, 263 N.E.2d 823, involved a declaratory judgment action for construction of insurance contract provisions governing the insurer's liability to defend or pay a claim. The court held that an actual controversy for purposes of declaratory relief did not arise upon occurrence of the facts creating the potential policy coverage dispute but did exist as soon as a demand had been made upon the insurer to pay a claim or defend under the policy. (46 Ill. 2d 481, 485.) In *Weary v. School Dist. No. 189* (1974), 20 Ill. App. 3d 37, 312 N.E.2d 764, the court held that a complaint for a declaration of rights under an instrument which created no binding contractual obligation on either party was properly dismissed

as calling for an advisory opinion in a hypothetical case. Quite to the contrary, in the case before us, the proposed and unexecuted contract of sale is not binding but the issue revolves about disputed construction of the binding and enforceable provisions of the mortgage and of plaintiff's assignment of the trust interest to defendant.

In our opinion, defendant's contentions that the controversy is now moot because there is no pending transaction is fully answered by *Kern v. Chicago & Eastern Illinois R.R. Co.* (1963), 44 Ill. App. 2d 468, 473, 477, 195 N.E.2d 197, *cert. denied,* 379 U.S. 825.

The judgment of dismissal is reversed and the cause remanded for further proceedings in accordance with this opinion.

McGLOON and BUA, JJ., concur.