THE BOARD OF EDUCATION, SCHOOL DISTRICT NO. 150, PEORIA, Plaintiff-Appellee, *v.* JOSEPH M. CRONIN, State Superintendent of Education, *et al.*, Defendants-Appellants.

Third District   No. 76-422

Opinion filed August 31, 1977.

William J. Scott, Attorney General, of Chicago (Stephen Swofford, Assistant Attorney General, of counsel), for appellants.

Julian E. Cannell, of Kavanagh, Scully, Sudow, White & Frederick, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an interlocutory appeal from an order of the circuit court of Peoria County which denied the defendants' motion to dismiss a declaratory judgment action.

On May 10, 1976, the plaintiff Board of Education, Peoria School District No. 150, filed an amended complaint for declaratory judgment. The amended complaint named four defendants, to-wit, the State Superintendent of Education, the State Board of Education, the Superintendent of Educational Service Region, and the Comptroller of the State of Illinois. The latter two defendants were in due course of time dismissed as parties defendant to the action.

The amended complaint alleged, *inter alia*, that the plaintiff Board during the 1974-1975 school years spent $4,106,982 for special educational facilities and services for handicapped students as required by section 14—4.01 *et seq.* of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 14—4.01 *et seq.*). It was further alleged that the plaintiff Board pursuant to section 14—12.01 of The School Code (Ill. Rev. Stat. 1973, ch. 122, par. 14—12.01) claimed the sum of $2,418,404.60 from the State of Illinois as reimbursement for the cost of the special educational facilities and services provided to the handicapped students. The amended complaint then alleged that the plaintiff Board did not receive full reimbursement for the special education claim since the Governor of the State of Illinois exercised his power to reduce certain appropriation items approved by the General Assembly and because of such reductions it is impossible for the plaintiff to budget for expenditures or maintain fiscal responsibility.

Based upon these allegations the plaintiff prayed for a declaratory judgment that:

(1) It [plaintiff Board] has a duty to provide the special education and the State must reimburse the school district for "* * * funds already spent in providing such programs"; or

(2) The Illinois General Assembly and Governor "* * * may only withhold appropriations for special education programs prospectively"; or

(3) Section 14—1.01 *et seq.* of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 14—1.01 *et seq.*) is unconstitutional as compelling expenditures for special education "* * * but at the same time allows the State to avoid legal responsibility on the basis of insufficient funds in the treasury."

On June 1, 1976, the defendants filed a motion to strike and dismiss the plaintiff's complaint on various grounds which we will set forth as and if

they become pertinent to the determination of this appeal. On July 1, 1976, the trial court denied the defendants' motion to dismiss the amended complaint. On September 17, 1976, the trial court entered its order pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308). The trial court held that it had jurisdiction to consider the plaintiff's amended complaint and stated, *inter alia*, in its order as follows:

"B. That under the facts alleged in the Amended Complaint, it may be impossible for the Plaintiff School District to comply with Sec. 14—1.01 *et seq.* of the School Code because: i. the State has no legal obligation to pay for the mandatory special education program and facilities provided by these sections; * * *."

An examination of the School Code and specifically section 14—4.01 (Ill. Rev. Stat. 1975, ch. 122, par. 14—4.01) supports the allegation of the plaintiff that it was under a legislative mandate to provide special educational facilities for handicapped children and the plaintiff is also correct that such facilities must be provided prior to the time that any claim can be filed for reimbursement from the State for funds expended. (See Ill. Rev. Stat. 1975, ch. 122, par. 14—12.01, which sets forth the procedures to be followed in filing claims for reimbursement.) This last cited statutory enactment contained the following provision which we deem pertinent:

"* * * If the money appropriated by the General Assembly for such purpose for any year is insufficient, it shall be apportioned on the basis of the claims approved. * * *" Ill. Rev. Stat. 1975, ch. 122, par. 14—12.01.

■■ The plaintiff before the trial court raised the issue that the portions of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 14—1.01 *et seq.*) which mandated the requirement that school systems provide special educational facilities for handicapped children and permitted reimbursement only after the facilities had been provided, was unconstitutional. Both from the brief of the plaintiff and from the oral argument of counsel for the plaintiff before this court we can only conclude that there has been a virtual abandonment of the constitutionality issue. We agree that such issue should be abandoned, for it has no merit. In the case of *Cronin v. Lindberg* (1976), 66 Ill. 2d 47, 360 N.E.2d 360, our supreme court stated that the only exception to this rule is where a school board alleges that it is a member of a class being discriminated against. In the instant case we do not have a class action and in fact the plaintiff has asserted that no class action suit is contemplated.

The relief sought by the plaintiff, set forth in the most concise manner, is that a declaratory judgment should be entered finding that the special education provisions of the School Code are incapable of performance by

the plaintiff and are therefore illegal. This was one of the precise questions certified to this court by the trial court's order of September 17, 1976.

■■■ It is the opinion of this court that the plaintiff has not presented to this court a justiciable question. A justiciable question is one which is capable of being settled by the action of a court. It is evident from the pleadings and facts in this case that the plaintiff is concerned about what might possibly happen at some future date, and not what has in fact happened. We have a complete absence of a justiciable controversy. We are aware of the law to the effect that the statute concerning declaratory judgments is to be liberally construed, but we do not believe that such construction is to be so liberal as to encompass the hypothetical and speculative question presented in the instant case. Declaratory judgment procedure was not intended to permit decisions on moot questions, or to enable parties to secure advisory opinions or legal advice from a court with respect to anticipated future difficulties. *Weary v. School District #189* (1974), 20 Ill. App. 3d 37, 312 N.E.2d 764.

■■ We are further of the opinion that a justiciable question is absent in the instant case because the question posed cannot be settled in the courts but if any action is to be taken to alleviate the dilemma of the plaintiff, if such a dilemma in fact exists, then that action must come from our General Assembly.

■■ It must be constantly kept in mind that the constitution has imposed upon the General Assembly a duty to establish a thorough and efficient system of free schools and this provision has been construed as permitting the legislature unrestricted authority with reference to the formation of school districts and the agencies which it shall adopt to provide the system of free schools required by the constitution. It has been repeatedly held that the question of the efficiency and fairness of the school system, established by legislative action, is solely one for the legislature to answer. *McLain v. Phelps* (1951), 409 Ill. 393, 100 N.E.2d 753; *Fiedler v. Eckfeldt* (1929), 335 Ill. 11, 166 N.E. 504; and *People ex rel. Taylor v. Camargo Community Consolidated School District No. 158* (1924), 313 Ill. 321, 145 N.E. 154.

Even if we might consider the legislative intent of certain public school legislation to be unwise, unjust, oppressive or unworkable, we are nevertheless mindful that such legislative errors are not subject to judicial review. *People v. Deatherage* (1948), 401 Ill. 25, 81 N.E.2d 581.

We refer again to the *Cronin* case in which our supreme court stated, "Boards of education and school districts are governmental agencies * * * and subject to its will." *Cronin v. Lindberg* (1976), 66 Ill. 2d 47, 55, 360 N.E.2d 360, 363.

We believe that the law is well settled that creation of school systems

and the manner of financing and administering them is clearly a legislative prerogative and that our judicial system cannot impose its views, its ideas, and its will upon the General Assembly respecting such questions as were raised in the instant case. Having determined that no justiciable question was presented to this court, it is unnecessary for us to consider the other issues raised in this appeal.

For the reasons set forth the decision of the trial court denying the defendants' motion to dismiss the amended complaint is reversed.

Reversed.

STENGEL, P. J., and BARRY, J., concur.