HOLIDAY ACRES NO. 3, Appellant,

v.

MIDWEST FEDERAL SAVINGS AND LOAN ASSOCIATION OF MINNEAPOLIS, Respondent.

No. 48200.

Supreme Court of Minnesota.

Oct. 13, 1978.

Rehearing Denied Nov. 27, 1978.

Holmes, Kircher & Graven, Minneapolis, for appellant.

Hessian, McKasy & Soderberg and Thomas E. Harms and John A. Knapp, Minneapolis, for respondent.

Heard before YETKA, SCOTT and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Plaintiff partnership, Holiday Acres No. 3 ("Holiday Acres") appeals from the order and judgment of Dakota County District Court dismissing its declaratory judgment action for lack of an "actual justifiable controversy." We reverse, finding the important issue presented by the Holiday Acres' complaint to be capable of resolution on the existing facts. Accordingly, the case is remanded for thorough consideration of the issue raised by the complaint.

Holiday Acres and the defendant Midwest Federal Savings and Loan Association of Minneapolis ("Midwest Federal") are parties to a 1969 mortgage agreement on an apartment complex. The mortgage deed contains a standard acceleration clause, commonly° referred to as a "due-on-sale" clause:

> "In the event that the mortgagors convey the title, (legal, equitable or both) to all or any portion of said premises or in the event that such title becomes vested in a person other than the mortgagors in any manner whatsoever except under the power of eminent domain, then in any such case the entire unpaid principal of the note secured hereby with all accrued interest thereon shall, at the option of the mortgagee at any time thereafter, become immediately due and payable without notice."

On January 26, 1976, the Holiday Acres entered into an earnest money contract to sell the property to a third-party purchaser. The contract provided that either party could terminate if Midwest Federal did not provide an acceptable consent to the sale. Midwest Federal was advised of the terms of the prospective purchase and,, in turn, notified Holiday Acres that it would require the purchaser to refinance, at a higher interest rate, callable after 10 years. This was unacceptable to the purchaser, who terminated the purchase agreement on April 15, 1976.

On September 1, 1976, Holiday Acres sued Midwest Federal, requesting declaratory judgment invalidating the due-on-sale clause as "an unlawful restraint on the alienation of property." Holiday Acres moved for summary judgment on June 8, 1977, upon which motion the district court ordered the action dismissed for want of a justiciable controversy.

The single and important issue for our determination is whether the facts alleged in the complaint in this case present a justiciable controversy under the Uniform Declaratory Judgment Act, Minn.St. 555.01, et seq.

■ Since the issue presented is one of *justiciability,* we need not reach the merits of the underlying controversy at this time.[1] Holiday Acres contends that a declaratory determination is appropriate in that the issue is narrow, the parties adverse and fully represented. The Uniform Declaratory Judgment Act, Minn.St. 555.01, et seq., is designed to settle uncertainties prior to full-blown development. To require an actual consummated or conditional sale is unnecessary, they urge, as well as being unfair to plaintiffs and unrealistic in today's real estate market.

Midwest Federal counters that not only is the controversy contingent on actual sale and acceleration, but judicial analysis of the reasonableness or conscionability of the exercise of the clause, the lender's claim of an impairment of security, and the effect on real estate sales will all depend upon the existence and characteristics of a purchaser and a transaction. The interests of *purchasers,* real or prospective, are nowhere represented in this litigation. Finally, they argue, this case represents an unwarranted extension of declaratory judgment actions to hypothetical facts, would not finally settle the controversy (if a rule or reasonable-

ness, etc. were adopted), and is unnecessary in view of alternative actions available.

■■ The concept of justiciability comprehends the fundamental requirements for judicial action. As we stated in *Seiz v. Citizens Pure Ice Co.,* 207 Minn. 277, 281, 290 N.W. 802, 804 (1940):

"* * * The controversy must be justiciable in the sense that it involves definite and concrete assertions of right and the contest thereof touching the legal relations of parties having adverse interests in the matter with respect to which the declaration is sought, and must admit of specific relief by a decree or judgment of a specific character as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. * * *"

There is, however, a notable tension between the "present controversy" required for justiciability and the latitude permitted under our declaratory judgment provisions, Minn.St. 555.01, et seq.[2]

"The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is nec-

---

1. The validity of due-on-sale clauses is a complex issue, important to borrowers and lenders alike. Other jurisdictions have considered challenges to similar clauses and either recognized their continued validity or announced rules of conscionability or reasonableness applicable to residential and/or commercial conveyances. See, *e. g., First Southern Federal Savings and Loan Association of Mobile v. Britton,* Ala.Civ.App., 345 So.2d 300 (1977); *Patton v. First Federal Savings and Loan Association of Phoenix,* 118 Ariz. 473, 578 P.2d 152 (1978); *Tucker v. Pulaski Federal Savings and Loan Association,* 252 Ark. 849, 481 S.W.2d 725 (1972); *Tucker v. Lassen Savings and Loan Association,* 12 Cal.3d 629, 116 Cal.Rptr. 633, 526 P.2d 1169 (1974); *Malouff v. Midland Federal Savings and Loan Association,* 181 Colo. 294, 509 P.2d 1240 (1973); *Clark v. Lachenmeier,* 237 So.2d 583 (Fla.App.1970); *Nichols v. Ann Arbor Federal Savings and Loan Association,* 73 Mich.App. 163, 250 N.W.2d 804 (1977); *Sanders v. Hicks,* 317 So.2d 61 (Miss.1975); *First Commercial Title, Inc. v. Holmes,* 92 Nev. 363, 550 P.2d 1271 (1976); *Mutual Real Estate Investment Trust v. Buffalo Savings Bank,* 90 Misc.2d 675, 395 N.Y.S.2d 583 (Sup.Ct.1977); *Fidelity Land Development Corporation v. Rieder & Sons Building and Development Co.,*

151 N.J.Super. 502, 377 A.2d 691 (1977); *People's Savings Association v. Standard Industries, Inc.,* 22 Ohio App.2d 35, 257 N.E.2d 406 (1970); *Continental Federal Savings and Loan Association v. Fetter,* 564 P.2d 1013 (Okl.1977); *Gunther v. White,* 489 S.W.2d 529 (Tenn.1973); *Walker Bank and Trust Co. v. Neilson,* 26 Utah 2d 383, 490 P.2d 328 (1971); *Bellingham First Federal Savings and Loan Association v. Garrison,* 87 Wash.2d 437, 553 P. 1090 (1976); *Mutual Federal Savings and Loan Association v. Wisconsin Wire Works,* 71 Wis.2d 531, 239 N.W.2d 20 (1976).

2. The Declaratory Judgment Act is remedial, intended to settle and to afford relief from uncertainty with respect to rights, status, and other legal relations. Minn.St. 555.12. It broadly authorizes courts to resolve such uncertainties "whether or not further relief is or could be claimed," Minn.St. 555.01, and provides that "[a]ny person interested under a deed, will, written contract or other writings constituting a contract, * * * may have determined any question of construction or validity arising under the instrument. * * *" Minn.St. 555.02.

essarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826, 828–29 (1941).

■■ The required immediacy or imminence is not subject to any mechanical test. In *Harrington v. Fairchild,* 235 Minn. 437, 51 N.W.2d 71 (1952), seller/creditor had sued for a declaration of the validity of a contract for the sale of a business and his rights thereunder. Although the defendant had not yet defaulted on the monthly payments, his words and actions left little doubt that a repudiation had occurred. Accordingly, we affirmed the order of the trial court, overruling defendant's demurrer on the ground that the complaint stated a proper case for declaratory relief. Similarly, in *Minneapolis Fed. of Men Teachers v. Bd. of Education,* 238 Minn. 154, 56 N.W.2d 203 (1952), we recognized that, in a proper case, the "ripening seeds of an actual controversy" would support declaratory resolutions of an impending contract dispute despite the unavailability of legal relief.[3]

The issue in the instant case is significant and well-defined by the parties. One attempted conveyance has already been frustrated by the dispute over the due-on-sale clause. To require a second transaction, frozen in factual context for full judicial determination, would be unwarranted and unrealistic in today's real estate market. As Holiday Acres pointed out, prospective purchasers wish to buy real estate, not lawsuits. Even pronouncement of a rule of reasonableness, for example, upholding acceleration clauses where reasonably related to continued security, would provide the parties with a commercial and legal framework for subsequent decisions.

Other jurisdictions have consistently found that challenges to due-on-sale clauses present justiciable issues. See, *e. g., Wellenkamp v. Bank of America Nat. T. and S. Ass'n.,* 68 Cal.App.3d 835, 137 Cal.Rptr. 488 (1977); *Cherry v. Home Savings & Loan Association,* 276 Cal.App.2d 574, 81 Cal. Rptr. 135 (1969). The circumstances of the instant case are extremely similar to those in *Amos v. Norwood Federal S. & L. Ass'n.,* 47 Ill.App.3d 643, 7 Ill.Dec. 772, 365 N.E.2d 57 (1977). There, a mortgaged apartment building was to be sold to a third party; however, the mortgagee declined to waive its acceleration rights under a "due on conveyance" clause in the instrument, and the transaction was not executed. The trial court dismissed the mortgagor's complaint for declaratory injunction relief on the validity of the clause, finding that no justiciable case or controversy existed. The Court of Appeals reversed, finding declaratory relief to be altogether appropriate:

"Further, these facts present an ideal situation for use of declaratory judgment proceedings prior to execution of the proposed agreement. Plaintiff claims the right to assign its interest in the trust. This claim is countered by defendant's asserted right to foreclosure under the 'due on conveyance' clause. To require plaintiff to enter into a contract with the buyer as a condition precedent to judicial

---

**3.** " * * * Clearly, in order to constitute a justiciable controversy, there need not be such an actual right of action in one party against the other as would justify a granting of consequential relief but only a right on the part of the complainant to be relieved of an uncertainty and insecurity arising out of an actual controversy with respect to his rights, status, and other legal relations with an adversary party. Jurisdiction exists to declare the rights, status, and other legal relations of the parties if the complainant is possessed of a judicially protectable right or status which is placed in jeopardy by the ripe or ripening seeds of an actual controversy with an adversary party, and such jurisdiction exists although the *status quo* between the parties has not yet been destroyed or impaired and even though no relief is or can be claimed or afforded beyond that of merely declaring the complainant's rights so as to relieve him from a present uncertainty and insecurity." 238 Minn. 157, 56 N.W.2d 205–06.

review would, in our opinion, place plaintiff in the untenable position of being obliged to choose between foreclosure by defendant and a potential action for breach of contract by the buyer. Surely the modern remedy of declaratory judgment should be available to assist litigants to avoid this type of Scylla-Charybdis situation. In addition, the prospect of lengthy litigation over the conflict between assignment and foreclosure, if left unresolved, would tend to hamper any future negotiations plaintiff might undertake." 47 Ill.App.3d 646, 7 Ill.Dec. 775, 365 N.E.2d 60.

We find this reasoning persuasive and, accordingly, reverse and remand for full consideration of Holiday Acres' complaint.

Reversed and remanded.

OTIS, J., took no part in the consideration or decision of this case.