*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1582**

Peter K Butler,
Appellant,

vs.

Shari Moore, et al.,
Respondents.

**Filed June 24, 2024**
**Affirmed**
**Smith, Tracy M., Judge**

Ramsey County District Court
File No. 62-CV-23-1154

Peter K. Butler, St. Paul, Minnesota (pro se appellant)

Lyndsey M. Olson, St. Paul City Attorney, Megan D. Hafner, Assistant City Attorney, St. Paul, Minnesota (for respondents)

Considered and decided by Bjorkman, Presiding Judge; Smith, Tracy M., Judge; and Slieter, Judge.

**NONPRECEDENTIAL OPINION**

**SMITH, TRACY M.**, Judge

Appellant challenges the dismissal of his petition under Minnesota's election law, in which he sought to challenge respondents' process for reviewing signatures on citizen petitions for proposed charter amendments and ballot initiatives in Saint Paul. Appellant sought relief with respect to a future petition to place a proposed amendment to the city

charter on the November 2024 ballot, for which he is currently collecting signatures, and a past petition to place a question on the November 2022 ballot regarding funding for early childhood education. The district court (1) dismissed without prejudice appellant's claim regarding the future petition on the ground that the claim is not ripe and (2) dismissed with prejudice appellant's claim regarding the past petition on the ground that the claim is barred by laches. Because we conclude that the district court did not err, we affirm.

**FACTS**

In March 2023, appellant Peter K. Butler filed a petition against respondents Saint Paul City Clerk Shari Moore and Ramsey County Elections Manager and Acting Deputy Director of Property Tax, Records, and Elections Services David Triplett under Minnesota Statutes section 204B.44 (2022). Section 204B.44 provides for the correction of any "errors, omissions, or wrongful acts which have occurred or are about to occur," Minn. Stat. § 204B.44(a), and includes "any wrongful act, omission, or error of any election judge, municipal clerk, county auditor, canvassing board or any of its members, the secretary of state, or any other individual charged with any duty concerning an election," Minn. Stat. § 204B.44(a)(4). A petition under section 204B.44 must "describe the error, omission, or wrongful act and the correction sought by the petitioner." Minn. Stat. § 204B.44(b).

Appellant sought relief with respect to two citizen petitions. One is a yet-to-be-submitted citizen petition to amend the Saint Paul City Charter, for which appellant asserts that he is collecting signatures. Appellant plans to petition to have the proposed charter amendment placed on the November 5, 2024 election ballot. The other is a past citizen

2

petition that was submitted by an unrelated party, Saint Paul All Ready for Kindergarten (SPARK). In June 2022, SPARK submitted a petition to Saint Paul's designated elections office to include a ballot question on the November 8, 2022 ballot. The ballot initiative sought to create a dedicated fund for subsidies for early childhood care and education through a property tax levy. The elections office determined that the petition was insufficient, and the ballot question was not put on the November 2022 ballot.

In his petition under section 204B.44, appellant claims that respondents' procedures for verifying signatures on citizen petitions constitute an error, omission, or wrongful act. He requests that the district court direct respondents on how to properly verify petition signatures and to order them to reexamine the rejected signatures on SPARK's petition under the proper verification procedure.

Appellant waived his statutory right to expedited proceedings, *see* Minn. Stat. § 204B.44(b), and respondents moved to dismiss appellant's petition. Following a hearing, the district court granted respondents' motion to dismiss. The district court dismissed without prejudice appellant's claim regarding a future petition for a proposed charter amendment, determining that the claim was "premature and not yet ripe." The district court dismissed with prejudice appellant's claim regarding SPARK's petition based on the doctrine of laches.

This appeal follows.

**DECISION**

**I.    The district court properly dismissed without prejudice appellant's claim regarding a future petition for a proposed charter amendment as not ripe.**

Appellant challenges the district court's dismissal of his claim regarding a future petition for a proposed charter amendment as not ripe. A court has no jurisdiction over a petitioner's claim unless there is a justiciable controversy. *See Onvoy, Inc. v. ALLETE, Inc.*, 736 N.W.2d 611, 617 (Minn. 2007). A justiciable controversy does not exist unless the claim "is capable of specific resolution by judgment rather than presenting hypothetical facts that would form an advisory opinion." *Id.* at 617-18; *see also Houck v. E. Carver Cnty. Schs.*, 787 N.W.2d 227, 231 (Minn. App. 2010) (cautioning that courts do not issue advisory opinions). "Issues which have no existence other than in the realm of future possibility are purely hypothetical and are not justiciable" because "[n]either the ripe nor the ripening seeds of a controversy are present." *Lee v. Delmont*, 36 N.W.2d 530, 537 (Minn. 1949).

Ripeness raises a question of justiciability, which is reviewed de novo. *Dean v. City of Winona*, 868 N.W.2d 1, 4 (Minn. 2015); *see also In re Civ. Commitment of Nielsen*, 863 N.W.2d 399, 401 (Minn. App. 2015) (characterizing ripeness as "a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies" (quotation omitted)), *rev. denied* (Minn. Apr. 14, 2015). There is no mechanical test to determine whether a justiciable controversy exists, and courts must consider the specific facts of each

4

case. *Holiday Acres No. 3 v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 271 N.W.2d 445, 447-48 (Minn. 1978).[1]

Section 204B.44, under which appellant filed his petition, allows any individual to petition for the correction of errors, omissions, or wrongful acts that "have occurred or are about to occur." Minn. Stat. § 204B.44(a). Appellant argues that his claim is ripe under the statute because respondents will reject signatures that he is collecting on the charter-amendment petition if respondents use the signature-verification procedures set forth in their informational document titled "Procedures When Processing Petitions."[2] Appellant emphasizes that, as described by caselaw, section 204B.44 is intended to both "correct or *prevent* certain types of errors, omissions or wrongful acts related to elections." *Erlandson v. Kiffmeyer*, 659 N.W.2d 724, 729 (Minn. 2003) (emphasis added). And he asserts that reviewing petition signatures is "a duty directly related to an election." As the supreme court has stated, section 204B.44 "provides a remedial process only for correction of the ballot and directly related election procedures." *Clark v. Pawlenty*, 755 N.W.2d 293, 299 (Minn. 2008).

---

[1] Appellant cites a test for ripeness set out in a United States Supreme Court case, *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated by Califano v. Sanders*, 430 U.S. 99 (1977), to support his contention that his claim regarding a future petition is ripe. Decisions from other jurisdictions regarding this issue are not binding authority, *see Mahowald v. Minn. Gas Co.*, 344 N.W.2d 856, 861 (Minn. 1984), so we apply governing Minnesota law.

[2] Appellant points to a page of signatures that he attached in his addendum to his appellate brief. We note that that page of signatures was not part of the district court record and is therefore not part of the record on appeal. *See* Minn. R. Civ. App. P. 110.01 (defining the record on appeal). We decline to consider the extra-record material. *See Thiele v. Stich*, 425 N.W.2d 580, 582-83 (Minn. 1988).

We do not disagree that appellant's claim is directly related to an election procedure concerning the November 5, 2024 ballot, but we still conclude that the claim is not ripe. As respondents point out, appellant has not submitted a petition for a proposed charter amendment to the elections office to verify that the petition meets statutory signature requirements. And he may never submit a petition. Even if appellant were to submit a petition, it may be determined that he has presented sufficient signatures on it. His claim that respondents will improperly reject signatures on the petition is based on hypothetical facts. Thus, a district court order directing respondents on how to properly verify petition signatures should a petition be submitted would be an advisory opinion.

This case contrasts with another case in which appellant filed a petition under section 204B.44. *See Butler v. City of St. Paul*, 936 N.W.2d 478 (Minn. 2019). In that case, appellant submitted a petition to the City of Saint Paul's designated elections office to place a charter-amendment proposal on the ballot at the next election. *Id.* at 479. The city determined that appellant's petition did not have the required number of signatures and rejected the petition. *Id.* at 480. Appellant then filed his petition under section 204B.44, asserting that the city erred in rejecting petition signatures. *Id.* The district court granted summary judgment for the city. *Id.* at 481. This court and the Minnesota Supreme Court affirmed. *Id.* at 479. Neither court's opinion raised concerns about ripeness.

Appellant's present case is more like *Growe v. Simon*, 997 N.W.2d 81 (Minn. 2023). There, the supreme court dismissed as not ripe a petition under section 204B.44 to exclude Donald J. Trump from the November 5, 2024 general election ballot when his party had

6

not yet nominated him as its presidential candidate. *Growe*, 997 N.W.2d at 82-83. Similarly, here, Appellant's claim is premature.

Because appellant's claim regarding a future petition is not ripe, the district court properly dismissed the claim without prejudice.

**II.    The district court properly dismissed with prejudice appellant's claim regarding SPARK's past petition for a ballot initiative as barred by laches.**

Appellant also challenges the district court's dismissal of his claim regarding SPARK's petition for a ballot initiative as barred by laches. A district court's decision to apply laches "lies within the district court's discretion and will be reversed only for an abuse of that discretion." *Jackel v. Brower*, 668 N.W.2d 685, 690 (Minn. App. 2003), *rev. denied* (Minn. Nov. 25, 2003). A district court abuses its discretion "if it makes findings of fact that are not supported by the record, misapplies the law, or resolves the matter in a manner that is contrary to logic and the facts on record." *Madden v. Madden*, 923 N.W.2d 688, 696 (Minn. App. 2019).

"Laches is an equitable doctrine applied to 'prevent one who has not been diligent in asserting a known right from recovering at the expense of one who has been prejudiced by the delay.'" *Winters v. Kiffmeyer*, 650 N.W.2d 167, 169 (Minn. 2002) (quoting *Aronovitch v. Levy*, 56 N.W.2d 570, 574 (Minn. 1953)). "In evaluating a claim of laches, the practical question in each case is whether there has been such an unreasonable delay in asserting a known right, resulting in prejudice to others, as would make it inequitable to grant the relief prayed for." *Clark v. Reddick*, 791 N.W.2d 292, 295 (Minn. 2010) (quotation omitted); *see also Anderson v. First Nat. Bank of Pine City*, 228 N.W.2d 257,

7

260 (Minn. 1975) ("Prejudice to the other party resulting from delay is an essential element of laches.").

In dismissing appellant's claim regarding SPARK's petition, the district court concluded that appellant had unreasonably delayed bringing the claim. The district court observed that SPARK's petition was determined to be insufficient to place the question on the November 8, 2022 ballot. But, as the district court explained, "[appellant] did not bring this challenge at that time—*before* the November 2022 election. Rather, [appellant] waited until March 2023—months *after* the 2022 election—to raise this claim."

We discern no abuse of discretion in the district court's application of laches. In *Carlson v. Ritchie*, the supreme court concluded that two claims asserted in a section 204B.44 petition related to the 2012 general election were barred by laches when the claims were known to the petitioner before the election but the petitioner did not file the petition until after the election. 830 N.W.2d 887, 891-93 (Minn. 2013). In discussing the timeliness of election petitions, the supreme court explained:

> In the context of election-related challenges, we focus not on a limitations period but on whether a reasonable valid excuse demonstrates that the petitioner could not have acted more expeditiously. This standard, which requires that petitioners act with reasonable diligence in asserting known rights, appropriately promotes certainty and the orderly administration of elections.

*Id.* at 891-92 (quotation omitted). The supreme court stated that, under established caselaw, "petitioners cannot wait until *after* elections are over to raise challenges that could have been addressed *before* the election." *Id.* at 892. The *Carlson* court also explained that a

8

"laches analysis requires that [a court] consider the prejudice, if any" that would result if relief were granted. *Id.* at 893.

Appellant does not dispute that he knew about his claim before the November 8, 2022 election, nor does he assert a "reasonable valid excuse" for not acting more expeditiously. Instead, he contends that laches should not apply given the facts here because "the SPARK petition was never certified to appear on the November 2022 ballot," the proposed ballot question "remains relevant despite the passage of time," and the relief he seeks relating to SPARK's petition will not burden elections officials because their "only burden is to re-examine the signatures that they incorrectly rejected." Appellant's argument is unconvincing.

First, the fact that SPARK's initiative did not appear on the November 2022 ballot only supports the conclusion that the challenge should have been brought earlier.

Second, appellant's assertion that SPARK's petition has continued relevance is not further explained or supported.

Third, we are unpersuaded by appellant's argument regarding prejudice. We note that the district court did not make explicit findings about prejudice. But the district court expressly relied on *Carlson* in concluding that appellant's claim regarding SPARK's petition was "stale" and "barred by the doctrine of laches." Because the district court considered the reasonableness of appellant's delayed claim under *Carlson*, we conclude that the district court implicitly considered prejudice to city election officials resulting from the delay. *See Harr v. City of Edina*, 541 N.W.2d 603, 606 (Minn. App. 1996) ("While evidence of prejudice is not always essential to the application of laches, it is a

9

circumstance of importance in determining whether a plaintiff's delay was reasonable."); *see also Eckman v. Eckman*, 410 N.W.2d 385, 389 (Minn. App. 1987) (rejecting argument that reversal is required when district court failed to "make a specific finding regarding" a statutory element because court's consideration of that element was "implicit" in its findings regarding other elements).

The district court's implicit determination that the relief appellant requests would result in prejudice is not an abuse of discretion. Respondents argue that the public and respondents would be prejudiced by an order directing them to reexamine signatures when there is not a petition to place a question on a ballot. Reexamining signatures on a past petition, respondents argue, "would involve significant staff time and money" and would "serv[e] no purpose." We agree with respondents that the relief appellant seeks regarding an unreasonably delayed claim would be prejudicial to respondents.[3]

Appellant has not shown that the district court abused its discretion by applying the doctrine of laches to bar his claim regarding SPARK's petition.

**Affirmed.**

---

[3] Even if it were error that the district court did not make explicit separate findings as to prejudice, we would not need to remand if it is clear that the court would find prejudice to respondents. *See Grein v. Grein*, 364 N.W.2d 383, 387 (Minn. 1985) (refusing to remand for missing findings of fact when "from reading the files, the record, and the court's findings, on remand the [district] court would undoubtedly make findings that comport with the statutory language"); *see also Tarlan v. Sorensen*, 702 N.W.2d 915, 920 n.1 (Minn. App. 2005) (applying this aspect of *Grein*). On this record, it is clear to us that the district court would find that granting relief on appellant's claim regarding SPARK's petition would result in prejudice to city election officials.